HIERHOLZER v SARDY

Docket No. 67551. Submitted June 21, 1983, at Detroit.—Decided August 17, 1983.

Kay Hierholzer and John Sardy began cohabiting in 1970. In 1975, they purchased a house, which was placed solely in Sardy's name despite the fact that Hierholzer paid one-half of the down payment. A year later, according to Hierholzer, Sardy promised to convey the house to her if she would continue to work in his store. Hierholzer had worked in the store since 1970 and continued to do so, receiving no compensation for her services. In 1981, Hierholzer filed suit against Sardy in Oakland Circuit Court seeking to have the house conveyed to her in accordance with defendant's promise. Sardy, meanwhile, conveyed the house to his mother, Elizabeth Sardy. Hierholzer amended her complaint to add Elizabeth Sardy as a defendant. The court, James S. Thorburn, J., after a bench trial, dismissed the action, finding that although plaintiff was entitled to the relief she sought, she had no standing to seek equitable relief because she did not have "clean hands" because of her cohabitation with John Sardy. Hierholzer appeals. *Held:*

1. The trial court's findings of fact are supported by the record.

2. The trial court erred in its application of the law. The cohabitation of the parties is irrelevant to the issue of whether a contract existed between them except insofar as it has bearing upon the weight to be given their testimony. There was an agreement, supported by valuable consideration, between the parties that plaintiff would receive the house. Furthermore, plaintiff contributed $5,000 toward the purchase price and performed services on behalf of defendant's business over a period of years. The judgment of the trial court is reversed and the case remanded for entry of an order granting plaintiff the relief she sought, consistent with the opinion of the Court of Appeals.

Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 17 Am Jur 2d, Contracts §§ 183, 184.

1. CONTRACTS — CONSIDERATION — MERETRICIOUS RELATIONSHIPS.

Contracts made in consideration of meretricious relationships will not be enforced in Michigan; however, the existence of such a relationship will not render all agreements between the parties illegal; where there is an express agreement to accumulate or transfer property following a relationship of some permanence, and an additional consideration is provided, the consideration will be held to be independent.

2. CONTRACTS — MERETRICIOUS RELATIONSHIPS — COURTS.

The doors of courts are not closed to people who lead immoral lives when contracts between them untainted with illegality or fraud are involved.

3. CONTRACTS — MERETRICIOUS RELATIONSHIPS — PROPERTY ACCUMULATIONS — INDEPENDENT CONSIDERATION.

Neither party to a meretricious relationship acquires, by reason of cohabitation alone, rights in the property accumulations of the other during the period of the relationship, but where the parties have made an express agreement to accumulate or to transfer property following a relationship of some permanence and an additional consideration exists in the form of either money or of services the courts tend to find an independent consideration.

*Eli Friedman,* for plaintiff.

*Stalburg, Bean & Laritz, P.C.* (by *Ralph Musilli),* for defendants.

Before: V. J. BRENNAN, P.J., and WAHLS and M. E. DODGE,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial judge's judgment of dismissal after a bench trial.

The plaintiff testified that she and defendant John Sardy began living together in July, 1970. In 1975, the couple decided to purchase a house. Both plaintiff and defendant John Sardy contributed

* Circuit judge, sitting on the Court of Appeals by assignment.

one-half of the $10,000 down payment. Plaintiff also testified that one year later John Sardy promised to give the home to her in exchange for her work in his store. Plaintiff had been working in the store from 1970 and continued to do so until 1977. Plaintiff received no compensation for her services. In addition, although the plaintiff and John Sardy never married, he was the father of a child born to the plaintiff in 1975. John Sardy denied living with the plaintiff, although he admitted that he was the father of her child. He also denied any agreement to give the house to the plaintiff. He testified that he bought the house with $10,000 cash obtained from his father and the deed to the house is presently in the name of his mother, defendant Elizabeth Sardy. In her complaint, plaintiff prayed for an order for conveyance of the property pursuant to the agreement.

At the close of proofs, the trial judge made his findings of fact on the record, which are summarized as follows:

1. Plaintiff was telling the truth insofar as she had contributed $5,000 to the down payment and she and defendant John Sardy had an oral agreement for plaintiff to take the home and defendant to have the hardware business.

2. John Sardy's testimony was incredible and evasive to the point of perjury.

3. Defendant John Sardy had disposed of title to the home via his mother (defendant Elizabth Sardy) "for the purpose, obviously, of avoiding the consequences of this litigation".

4. Plaintiff and defendant John Sardy were living together, had sexual relations, and "begot a child".

The trial judge dismissed the case based on the following legal conclusions:

"The court is of the opinion that despite its findings of fact in her behalf that absent this rule of the court of equity, the court is of the opinion she does not have clean hands. That a woman or a man who lives with someone and commingles their funds in the State of Michigan, as yet there is no authority to the effect that they have any rights whatsoever in the property of the other. If this were a divorce action and the court had jurisdiction under divorce there is no question that a fair property settlement would demand the court find what she should have. But because of her lawful disability—they were not common-law husband and wife, they were not lawful husband and wife—the court has no business taking jurisdiction.

"For those reasons the cause is dismissed. The court will sign an order to that effect."

The trial judge signed an order which stated:

"The above entitled action having been tried by the court without a jury, and the court having concluded that based on the factual findings herein that the plaintiff is entitled to the relief prayed for in her complaint, but the court having further found that the plaintiff does not have clean hands or standing in a court of equity because of her cohabitation with the defendant at the time of the accruing of plaintiff's cause of action, therefore,

"It is further ordered and adjudged that plaintiff's cause is dismissed with prejudice and without costs to either party."

We first hold that the trial judge's findings of fact are supported by the record. We further hold that the trial judge erred in his application of the law to this case. "[T]he existence of a meretricious relationship does not render all agreements between the parties illegal." *Carnes v Sheldon,* 109 Mich App 204, 211; 311 NW2d 747 (1981). "The doors of courts are not closed to people who lead immoral lives when contracts between them un-

tainted with illegality or fraud are involved."
*Burns v Stevens,* 236 Mich 447, 453; 210 NW 483
(1926). In *Tyranski v Piggins,* 44 Mich App 570,
573-574; 205 NW2d 595 (1973), *lv den* 389 Mich
793 (1973), the Court stated:

"Neither party to a meretricious relationship ac-
quires, by reason of cohabitation alone, rights in the
property accumulations of the other during the period
of the relationship. But where there is an express
agreement to accumulate or transfer property following
a relationship of some permanence and an additional
consideration in the form of either money or of services,
the courts tend to find an independent consideration.

"Thus, a plaintiff who can show an actual contribu-
tion of money, pursuant to an agreement to pool assets
and share accumulations, will usually prevail. Services,
such as cooking meals, laundering clothes, 'caring' for
the decedent through sickness, have been found to be
adequate and independent considerations in cases
where there was an express agreement." (Footnotes
omitted.)

Thus, the trial judge erred in dismissing plaintiff's
claim on the basis that she does not have clean
hands or standing because she cohabited with
John Sardy. We fail to see why defendants should
prevail; if we use the same reasoning as the trial
judge, defendant John Sardy "does not have clean
hands" either. The cohabitation of the parties is
irrelevant in this case to the issue of whether a
contract existed between them except insofar as it
has bearing upon the weight to be given their
testimony. *Burns, supra,* p 452. In this case, there
was an agreement between the parties that the
plaintiff would receive the home. Also, the agree-
ment was supported by valuable consideration;
namely, the services performed by the plaintiff on
behalf of John Sardy's business over a period of

years. Further, the plaintiff contributed $5,000 toward the purchase of the home. Therefore, we reverse the judgment of the trial judge and grant to plaintiff the relief prayed for in her complaint regarding the house.

Reversed and remanded for entry of an order consistent with this opinion.

Costs to plaintiff.